UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
DAVID CORCIA, individually and on behalf of
a class                                                                    Case No.:

        Plaintiff

   v.

MIDLAND CREDIT MANAGEMENT, INC.;
MIDLAND FUNDING, LLC

        Defendant.
---------------------------------------------------------X

## COMPLAINT -- CLASS ACTION

1. Plaintiff David Corcia brings this action against Midland Credit Management, Inc and Midland Funding, LLC ("Defendants") to secure redress for violation of the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. ("FCRA").

2. The FCRA, 15 U.S.C. §1681b, prohibits any person from using or obtaining the consumer report of another, unless the circumstances fall within very limited exceptions:

**(1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and**

**(2) the purpose is certified in accordance with section 1681e of this title by a prospective user of the report through a general or specific certification.**

3. Defendants accessed plaintiff and thousands of others' consumer reports in May 2016, when they did not have a permissible purpose for doing so, and in a manner inconsistent with its "account review" permissible purpose certification.

4. Upon information and belief, Defendants then used the information it harvested in a manner inconsistent with its proffered "account review" permissible purpose, by loading the data into an algorithm to help it predict, among other things, how likely consumers *other than the persons whose information it accessed* will pay their debts.

**JURISDICTION AND VENUE**

5. The Court has federal question jurisdiction over the FCRA claims.

6. Venue is proper because a substantial portion of the events complained of occurred in this District.

**PARTIES**

7. Plaintiff is an individual who resides in this District.

8. Defendants are one of the largest debt collection agencies and debt buyers in the United States. Their website is www.midlandfunding.com.

9. Non-party Trans Union, LLC is a Consumer Reporting Agency as that term is

defined in the FCRA. It, for monetary fees or dues regularly engages in whole or in part in the practice of assembling and evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties such as Defendants. Trans Union, LLC uses means of interstate commerce for the purpose of preparing or furnishing consumer reports.

**FACTS**

10. Upon information and belief, Defendants obtained and used plaintiff and thousands of other persons' credit information on or about May 2016. They obtained the information from Trans Union, LLC.

11. Upon information and belief, the information Defendants obtained and used was gathered by Trans Union, LLC and bears on plaintiff's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics or mode of living, and was used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for credit or insurance, employment or other FCRA purpose. Trans Union, LLC regularly gathers information for such purposes, and did so as to each class member.

12. The information Defendants obtained includes, for example, name, address, information regarding overdue accounts and information about other consumer report tradelines.

13. The certification provided to Trans Union, LLC pursuant to 15 U.S.C. § 1681b(f)(2) for the May 2016 data harvest was executed by one or both of the Defendants.

14. Defendants obtained and used plaintiff and the class member's consumer reports to help develop its database of information designed to help it predict consumer behavior.

15. Asset Acceptance which was acquired by the Defendants had previously been sued for this exact conduct in the Northern District of Illinois in the case of Martin v Asset Acceptance, Dkt. No. 11-cv-6256.

16. Although plaintiff paid money to Defendants in order to satisfy an alleged debt Defendants claimed plaintiff owed it on May 17, 2016, Defendants have never provided any documents demonstrating that it actually had title to the alleged debt that plaintiff paid.

17. Regardless of whether Defendants ever had title to the alleged debt that plaintiff paid off on May 17, 2016, Defendants did not have the right to access his consumer report six days later on May 23, 2016, after the debt had been paid off, in connection with building its predictive modeling algorithm.

18. Plaintiff did not have any relationship with Defendants on May 23, 2016. The alleged account upon which Defendants rest their supposed "right" to access plaintiff's consumer report was paid off, settled in full with $0 balance owing prior to May 23, 2016, and was closed.

19. The use of consumer reports of persons whose accounts have been closed (or with whom you never had a relationship) for the purpose of building one's predictive modeling algorithm is not

an "account review" permissible purpose as that term is defined by the FCRA, 15 U.S.C. §1681b(a)).

20. Furthermore, the FCRA section 1681b(f)(2) requires those that access or use consumer reports to certify how they will use the consumer report information they receive. The FCRA imposes liability for using or obtaining a consumer report in violation of the FCRA. *Cole v. US Capital*, 389 F.3d 719 (7th Cir. 2004)(referencing 15 U.S.C. §§ 1681b(f)(1) & (2)).

21. Defendants violated the terms of the FCRA §1681b(f)(2) certification to Trans Union, LLC when they accessed the consumer reports of plaintiff and others whose alleged accounts had been closed with zero balance owing. Defendants therefore also obtained plaintiff and the class members' consumer reports under false pretenses.

**Class Allegations**

22. Plaintiff brings Counts I and II on behalf of the same class, which consists of:
All persons with New York addresses, whose credit information defendants accessed within two years of filing of this action, where the alleged Midland Funding, LLC account upon which defendants based its alleged permissible purpose had been closed with zero balance owing.

23. Common questions of law and fact exist as to all members of the class and predominate over any questions solely affecting any individual member of the class, including plaintiff. Such questions common to the Class include, but are not limited to:

a. Whether defendants had a permissible purpose for accessing the consumer report of persons with whom its relationship had ended;

b. Whether defendants violated the terms of its permissible purpose certification with Trans Union, LLC when it accessed the class members' consumer reports;

c. Whether such violations were willful or negligent; and

d. Damages.

24. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has no interests that might conflict with the interests of the class. Plaintiff is interested in pursuing his claims vigorously, and has retained counsel competent and experienced in class and complex litigation.

25. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.

26. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

27. Defendants have acted on grounds generally applicable to the class, thereby making relief appropriate with respect to the class as a whole. Prosecution of separate actions by individual members of the class, should they realize their rights have been violated, would likely create the

risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct.

28. The identity of the class is likely readily identifiable from defendants' records.

A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.

**COUNT I – FCRA Section 1681b(f)(1)**

29. Plaintiff incorporates all previous paragraphs of this complaint.

30. It is a violation of the FCRA 15 U.S.C. § 1681b(f)(1) to access or use a consumer report when one does not have a permissible purpose to do so.

31. Defendants accessed and used plaintiff and the class members' consumer reports in violation of the FCRA because it did not have a valid permissible purpose to do so and/or because it did not use the reports consistent with the alleged permissible purpose it claims to have had.

32. Plaintiff and each class member have suffered concrete and ascertainable injury. Each person has been subjected to the same illegal invasion of privacy; this is the precise kind of wrong the FCRA was designed to protect. See 15 U.S.C.§§ 1681(a)(4), 1681(b).

33. The information that Defendants have obtained through this illegal data harvest is extremely valuable to Defendants. The value of the actual damage plaintiff and the class have suffered through these improper invasions of privacy can at least partially be quantified through examination of the value of the information to defendants, including for example, how much Defendants paid Trans Union, LLC for the May 2016 data harvest and how much it has paid to develop and maintain its database.

34. In other words, the credit information Defendants accessed had value; otherwise, Defendants would not have gone through the trouble of obtaining such.

35. Upon information and belief, Defendants knew that accessing the consumer report of an account that was closed with zero balance owing likely violated the FCRA. Alternatively, Defendants did not make any inquiry at all into whether doing so was permissible under the FCRA.

36. These violations were both negligent and willful. 15 U.S.C. §§1681n, 1681o.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of himself and the class and against defendants that provides the following relief:

a. Actual damages;

b. statutory and punitive damages;

c. Attorney's fees and costs of suit; and

d. Any other relief the Court finds just and proper.

**COUNT II – FCRA Section 1681b(f)(2)**

37. Plaintiff incorporates all previous paragraphs of this complaint.

38. It is a violation of the FCRA 15 U.S.C. § 1681b(f)(2) to access or use a consumer report when one does not have a permissible purpose to do so.

39. Defendants accessed and used plaintiff and the class members' consumer reports in violation of the FCRA because it accessed and used the consumer reports in a manner inconsistent with the terms and conditions of its permissible purpose certification to Trans Union, LLC.

40. Plaintiff and each class member have suffered concrete and ascertainable injury. Each person has been subjected to the same illegal invasion of privacy; this is the precise kind of wrong the FCRA was designed to protect. See 15 U.S.C.§§ 1681(a)(4), 1681(b).

41. The information that Defendants have obtained through this illegal data harvest is extremely valuable to Defendants. The value of the actual damage plaintiff and the class have suffered through these improper invasions of privacy can at least partially be quantified through examination of the value of the information to defendants, including for example, how much Defendants paid Trans Union, LLC for the May 2016 data harvest and how much it has paid to develop and maintain its database.

42. In other words, the credit information Defendants accessed had value; otherwise, Defendants would not have gone through the trouble of obtaining such.

43. Defendants knew that accessing the consumer report of an account that was closed was contrary to the terms of its 15 U.S.C. §1681b(f)(2) certification to Trans Union, LLC.

44. These violations were both negligent and willful. 15 U.S.C. §§1681n, 1681o.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of himself and the class and against defendants that provides the following relief:

a. Actual damages;

b. Statutory and punitive damages;

c. Attorney's fees and costs of suit; and

d. Any other relief the Court finds just and proper.

Dated: August 16, 2016

>Respectfully submitted,
>
>/s/ Shimshon Wexler
>The Law Offices of Shimshon Wexler, PC
>216 W. 104th St., #129
>New York, NY 10025
>212-760-2400
>917-512-6132 (fax)
>swexleresq@gmail.com

## JURY DEMAND

Plaintiff demands trial by jury.

/s/Shimshon Wexler

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that the defendants take affirmative steps to preserve all recordings, consumer reports, consumer file and other types of data, emails, documents and all other tangible things that relate to the allegations herein, plaintiff or the putative class members, or accessing consumer reports, the events described herein, any third party associated with any consumer report access, telephone call, campaign, account, sale or file associated with plaintiff or the putative class members, and any account or number or symbol relating to any of them. These materials are very likely relevant to the litigation of this claim. If defendants are aware of any third party that has possession, custody or control of any such materials, plaintiff demands that defendants request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendants.

/s/Shimshon Wexler