**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
**DAVID CORCIA,** individually and on behalf of a
class,

                                  Civil Docket No.:
                                  **7:16-CV-06475-NSR**

                                Plaintiff,

      -against-


**MIDLAND CREDIT MANAGEMENT, INC**., and
**MIDLAND FUNDING, LLC**,

                               Defendants.
-------------------------------------------------------------x

### ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS MIDLAND CREDIT MANAGEMENT, INC. AND MIDLAND FUNDING, LLC

Defendants, Midland Credit Management, Inc. ("MCM") and Midland Funding, LLC ("MF"), (collectively referred to herein as "Midland") by and through their undersigned counsel, Marshall Dennehey Warner Coleman & Goggin, P.C., hereby submit this Answer with Affirmative Defenses to the Complaint filed by Plaintiff David Corcia ("Plaintiff"), stating as follows:

### ANSWER TO COMPLAINT – CLASS ACTION

1. Admitted in part and denied part. Midland admits that Plaintiff brought this action premised on claims under the Fair Credit Reporting Act, 15 U.S.C. §1681, *et seq.* ("FCRA"). Midland denies any liability or illegal practices under the FCRA and further denies that MF engaged in any of the activities stated in the Complaint.

1

2.      Denied.   The statute referred to by Plaintiff is a document that speaks for itself.[1]   Therefore, any characterization or meaning attributed to the statute by Plaintiff, express or implied, is denied. Further responding, Midland categorically denies it violated the FCRA in any way with respect to Plaintiff or any similarly situated parties.

3.      Denied.   Midland denies accessing any consumer credit reports without a permissible purpose.   Midland denies the allegations in this paragraph as they are entirely speculative and factually false. Midland leaves Plaintiff to his proofs.

4.      Denied.   Midland denies accessing any consumer credit reports without a permissible purpose.   Midland denies "harvesting" information or accessing credit reports without a permissible purpose.   Midland denies the remaining allegations as they rely on a false premise and because they are entirely speculative and factually false.   Further responding, a factual basis for Plaintiff's "information and belief", as referenced in this paragraph is demanded of Plaintiff.

**ANSWER TO JURISDICTION AND VENUE**

5.      Denied. The allegations in this paragraph constitute conclusions of law and are denied as such. Midland refers all questions of law to the Court.

6.      Denied. The allegations in this paragraph constitute conclusions of law and are denied as such. Midland refers all questions of law to the Court.

---

[1] 15 U.S.C. §1681b(f)

**ANSWER TO PARTIES**

7.     Denied. Midland lacks sufficient knowledge, information or belief as to whether Plaintiff is a resident of the State of New York and whether he resided in this District at all times relevant to this litigation. Midland leaves Plaintiff to his proofs.

8.     Admitted in part and denied in part.  Midland admits that, at times, MCM acts as a debt collection agency.  Midland denies that MF conducts any business as a debt collector.  Further responding, Midland admits that  MF maintains a website at www.midlandfunding.com.[2] Midland denies all other allegations in this paragraph.

9.     Denied.  The allegations in the paragraph are conclusory and are directed to a party other than Midland and are, therefore, denied.  A factual basis for these conclusory allegations is demanded of Plaintiff.   Further responding, the allegations in this paragraph constitute conclusions of law and are denied as such.  Midland refers all questions of law to the Court.

**ANSWER TO FACTS**

10.     Admitted in part and denied in part.  Midland admits that MCM accessed certain credit reports in May of 2016 in a manner entirely consistent with the FCRA, and that some credit reports accessed by MCM during that time period were provided by Trans Union, LLC.[3]  Midland denies all other allegations in this paragraph.

---

[2] Midland denies that the subject website identifies MF as a debt collector.
[3] 15 U.S.C. §1681b(a)(3)(A).

11.    Denied. The allegations in the paragraph are, for the most part, conclusory and are directed to a party other than Midland and are, therefore, denied.    Further responding, Midland denies collecting or using any information regarding Plaintiff in any unlawful manner.  A factual basis for Plaintiff's "information and belief" is demanded of Plaintiff.

12.    Admitted in part and denied in part.  Midland admits that credit reports obtained by MCM will typically contain the creditor's name and address, information regarding overdue accounts, Midland's tradelines, and information about other tradelines.  Midland denies MF obtained any credit reports.  Midland denies all other allegations of this paragraph.

13.    Admitted in part and denied in part.  Midland admits that, to the extent MCM accessed Trans Union credit reports in the context of Section 1681b(a)(3)(A) of the FCRA in the stated time period, MCM would have done so pursuant to an appropriate certification.  Midland denies MF obtained any credit reports.  Midland denies the allegation of some kind of "data harvest," as a conclusory and false allegation, and all other allegations of this paragraph.

14.    Denied.  Midland denies these allegations as they are factually false and are the result of speculation by Plaintiff in an attempt to craft a non-existent claim.  A factual basis for these allegations is demanded of Plaintiff.

15.    Denied.  Midland denies that the case cited by Plaintiff has any bearing on this matter and, therefore, denies all allegations related thereto. Further responding, Midland asserts Plaintiff raises the cited case solely as a vexatious and inflammatory litigation tactic, which is beneath the dignity of the

Court.  Plaintiff should withdraw its allegations in this regard.  Also, filing a lawsuit says nothing about the allegations alleged therein, as Plaintiff is obviously aware. [4]

16.     Admitted in part and denied in part.  Midland admits that Plaintiff settled his valid, delinquent and undisputed debt obligation with MCM; a debt obligation owed to MF.  Midland denies the remaining allegations in this paragraph and leaves Plaintiff to his proofs.

17.     Denied. Midland denies that MCM accessed Plaintiff's credit report to build a predictive modeling algorithm, as this is a false allegation lacking any basis in fact.  Also, the fact that Plaintiff settled the account did not divest Midland of its right to administer to the account and to continue to report the status of Plaintiff's account to the credit reporting agencies.  Further, there is typically a delay between the time an account is settled, the time payment is processed, and the time the settlement is processed and the account is closed.  Midland denies the remaining allegations and leaves Plaintiff to his proofs.

18.     Denied. Midland denies these allegations, as Plaintiff did not pay his account in full, and the relationship between the parties was not immediately severed.  Also, the fact that Plaintiff settled the account did not divest Midland of its right to administer to the account and to continue to report the status of Plaintiff's account to the credit reporting agencies.  Further, there is typically a delay between the time an account is settled, the

---

[4] Indeed, the *Martin v. Asset Acceptance* matter was dismissed without any finding as to the validity of the claims against Asset Acceptance.  1:11-cv-06256, in the United States District Court for the Northern District of Illinois.

time payment is processed, and the time the settlement is processed and the account is closed.  Midland denies the remaining allegations in this paragraph.

19.  Denied.  The allegations in this paragraph amount to no more than a hypothetical fact pattern and a conclusion of law.  Midland denies these allegations, which lack any basis in fact, and refers all questions of law to the Court.

20.  Denied.  The allegations in this paragraph constitute conclusions of law and are denied as such.  Midland refers all questions of law to the Court. Further responding, the statutes referred to by Plaintiff are documents that speak for themselves.  Therefore, any characterization or meaning attributed to the statutes by Plaintiff, express or implied, is denied.

21.  Denied.  Plaintiff's allegations in this paragraph have no basis in fact and are, therefore, denied.  Further responding, Midland unequivocally asserts that it did not violate the FCRA with respect to Plaintiff or any other debtor purported to be part of Plaintiff's theoretical class.  Midland does not access credit reports in connection with closed accounts and denies engaging in any conduct that could be construed as arising from "false pretenses".  All allegations in this paragraph are denied.

## ANSWER TO CLASS ALLEGATIONS

22.  Admitted in part and denied in part.  Midland admits that Plaintiff attempts to bring an action on behalf of himself and a putative class.  However, Midland denies that Plaintiff has articulated a viable individual claim, let alone a viable class claim, and denies that class treatment is appropriate, preferable

or even plausible.  Further responding, Plaintiff has expressly waived his ability to serve as a class representative or to participate in a class action, by virtue of his credit agreement with Credit One Bank, rendering Plaintiff's efforts to assert claims on behalf of a class patently invalid.

23.    Denied. The allegations in this paragraph constitute conclusions of law and are denied as such. Midland refers all questions of law to the Court. By way of further response, Midland denies that there are common questions of law and fact that predominate over questions affecting individual members of the theoretical class or that Midland violated the FCRA.  To the contrary, Plaintiff's asserted "questions of law" are predominated by a question of fact (see subsection "a.") that illustrates that class treatment would be inappropriate and unwieldy in this matter.  Further, Midland denies that the facts and questions of law raised in subsections "a." through "d." are even truly at issue in this matter, once the true facts are known (that the false speculation in lieu of fact presented by Plaintiff regarding a nonexistent "predictive modeling algorithm").  Therefore, Midland denies these assertions and leaves Plaintiff to his proofs.

24.    Denied. The allegations in this paragraph constitute conclusions of law and are denied as such. Midland refers all questions of law to the Court. By way of further response, Midland denies that Plaintiff is an adequate class representative, as Plaintiff has expressly waived his ability to serve as a class representative per the express terms and conditions governing his debt as set out in the card holder agreement between Plaintiff and Credit One Bank.  A

factual basis to the contrary is demanded of Plaintiff. Furthermore, Midland is without sufficient information, knowledge, or belief to speak to the truth or falsity, as to whether Plaintiff's counsel is experienced in class matters. Therefore, Midland denies these assertions and leaves Plaintiff to his proofs.

25.   Denied. The allegations in this paragraph constitute conclusions of law and are denied as such. Midland refers all questions of law to the Court. Further responding, to the contrary, class treatment is not only grossly inferior to individual treatment – it is negated by the plain fact that Plaintiff and most, if not all, of the theoretical class members may have expressly waived their ability to participate in a class action proceeding by virtue of the terms and conditions in the agreements giving rise to the underlying debt obligations, requiring a case-by-case assessment of each potential class member. Establishing whether any putative member of the proposed classes can participate requires an intensive and individualized inquiry into each individual's claims – which is not appropriate. Additionally, class treatment would create gross inequities to those subjected to the classes (to the extent that such classes could exist). *See, e.g., Hyderi v. Wash. Mut. Bank, FA*, 235 F.R.D. 390 (N.D. Ill. 2006) ("Precedent teaches that the availability of statutory damages plus the ability to recover attorney's fees and costs provides substantial incentives to bring meritorious individual suits."); *see also,* 5 MOORE'S FEDERAL PRACTICE § 23.46[3][a] at 23-27 ("[I]f a claim is based on the law that permits the prevailing party to recover the cost of litigation ... a class action is less likely to be the superior method of proceeding").  Midland further

8

responds that it is clear that individual prosecution of the claims presented is not only superior to class treatment, individual prosecution of the claims presented in the forum of a private arbitration provides the only appropriate means for Plaintiff to prosecute his claims against Midland.

26.    Denied. The allegations in this paragraph constitute conclusions of law and are denied as such. Midland refers all questions of law to the Court. Further responding, as set forth above, it is likely that many difficulties will arise if this case is prosecuted on a class basis. Also, Plaintiff's assertions to the contrary are no more than speculation.  Accordingly, all allegations in this paragraph are denied.

27.    Denied. The allegations in this paragraph constitute conclusions of law and are denied as such. Midland refers all questions of law to the Court. Further responding, the putative class members are not similarly situated, as set forth above, and, accordingly, varying adjudications of their claims, if any such viable claims exist, would likely be required.  Accordingly, all allegations in this paragraph are denied.

28.    Denied.   Plaintiff's assertion that the putative class is readily identifiable from Midland's records is nothing more than speculation and is denied.   Further responding, Midland denies that class action is superior to other available means of adjudicating the alleged claims.   As set forth above, class treatment herein would be grossly inferior to individual treatment and is not appropriate.  Accordingly, all allegations in this paragraph are denied.

9

## ANSWER TO COUNT I
## <u>Alleged Violation of FCRA - 15 U.S.C. § 1681b(f)(1)</u>

29.   No response is required to this paragraph as Plaintiff is merely incorporating the allegations in prior paragraphs by reference. To the extent that a response is deemed necessary, Midland incorporates its responses to Paragraphs 1 through 28 as though fully set forth herein.

30.   Admitted in part and denied in part.  Midland admits that 15 U.S.C. §1681b requires MCM to have a permissible purpose to access a consumer credit report.  Further responding, Section 1681b(f)(1) is a writing that speaks for itself, and Midland denies these allegations to the extent that they seek to characterize or interpret the meaning of that statute.  Midland further avers that Midland did not violate Section 1681b(f)(1) with respect to Plaintiff or any putative class member (to the extent any class members exist, which is denied).  Accordingly, unless otherwise admitted, Midland denies all allegations in this paragraph.

31.   Denied.  The allegations in this paragraph constitute conclusions of law and are denied as such.  Midland refers all questions of law to the Court. Further responding, Midland did not access Plaintiff's or any other consumer's credit report for an impermissible purpose. If Midland accessed Plaintiff's credit report, it was only because Plaintiff's account was still open and active at the time.  Therefore, Midland denies all allegations in this paragraph.

32.   Denied.  The allegations in this paragraph constitute conclusions of law and are denied as such.  Midland refers all questions of law to the Court.

Further responding, Midland denies it violated the FCRA, and no debtor, including Plaintiff, incurred any injury as a result of Midland's activities (as to MF, no activities). Therefore, Midland denies all allegations in this paragraph.

33.    Denied.    Plaintiff's allegations in this paragraph are entirely speculative and entirely false.[5] Further responding, Plaintiff, nor any other theoretical class member incurred any damages from any alleged activities by MCM (and the lack of any conduct of MF) and if they had, Plaintiff's method of using purported costs to Midland, as a measurement of damages to Plaintiff, defies all logic. Therefore, Midland denies all allegations in this paragraph.

34.    Denied.    Midland denies these allegations as they rely on a patently false premise based entirely in speculation bereft of any facts.

35.    Denied.    Plaintiff's allegations in this paragraph are completely false and Midland did not violate the FCRA.    Further responding, the allegations in this paragraph are no more than speculation and innuendo and, as such, provide no support for Plaintiff's claims.   A factual basis for Plaintiff's "information and belief" is demanded of Plaintiff.

36.    Denied.    The allegations in this paragraph constitute conclusions of law and are denied as such.   Midland refers all questions of law to the Court. Further responding, Midland denies it violated the FCRA and denies that Plaintiff offers any facts supporting any violative conduct on the part of Midland.   Therefore, Midland denies all allegations in this paragraph.

---

[5] Midland reserves its right to recover against Plaintiff pursuant to 15 U.S.C. §§1681n(c)  and  1681o(b) of the FCRA based on the false allegations giving rise to the claims by Plaintiff.

**ANSWER TO PRAYER FOR RELIEF**

Admitted in part and denied in part. Midland admits that Plaintiff prays for relief, which includes actual damages, statutory damages, punitive damages, attorney fees, and costs. Midland denies that Plaintiff is entitled to any such relief, as he fails to assert viable claims.

**ANSWER TO COUNT II**
**Alleged Violation of FCRA - 15 U.S.C. § 1681b(f)(2)**

37. No response is required to this paragraph as Plaintiff is merely incorporating the allegations in prior paragraphs by reference. To the extent that a response is deemed necessary, Midland incorporates its responses to Paragraphs 1 through 36 as though fully set forth herein.

38. Admitted in part and denied in part. Midland admits that 15 U.S.C. §1681b requires a permissible purpose to access a credit report. Further responding, Section 1681b(f)(2) is a writing that speaks for itself, and Midland denies these allegations to the extent that they seek to characterize or interpret the meaning of that statute. Midland further avers that Midland did not violate Section 1681b(f)(2) with respect to Plaintiff or as to any theoretical class member. Accordingly, unless otherwise admitted, Midland denies the allegations in this paragraph.

39. Denied. The allegations in this paragraph constitute conclusions of law and are denied as such. Midland refers all questions of law to the Court. Further responding, Midland denies accessing Plaintiff's or any other debtor's credit report for an impermissible purpose. Therefore, Midland denies all allegations in this paragraph.

40.     Denied.   The allegations in this paragraph constitute conclusions of law and are denied as such.   Midland refers all questions of law to the Court. Further responding, Midland denies it violated the FCRA, and no debtor, including Plaintiff, incurred any cognizable or plausible injury as a result of MCM's activities (or the absence of any activity by MF).   Therefore, Midland denies all allegations in this paragraph.

41.     Denied.   Plaintiff's allegations in this paragraph are entirely speculative and entirely false.[6]   Further responding, Plaintiff, nor any other theoretical class member, incurred any damages from any alleged conduct of MCM (and the lack of any conduct of MF) and if they had, Plaintiff's method of using purported costs to Midland, as a measurement of damages to Plaintiff, defies all logic. Therefore, Midland denies all allegations in this paragraph.

42.     Denied.   Midland denies these allegations as they rely on a patently false premise based entirely on speculation lacking any facts.

43.     Denied.  Midland denies that MCM's permissible access of Plaintiff account   contradicts   Section   1681b(f)(2)   and   directed   Plaintiff   to   Section §1681b(a)(3)(A).

44.     Denied.  The allegations in this paragraph constitute conclusions of law and are denied as such.  Midland refers all questions of law to the Court. Further responding, Midland denies it violated the FCRA and denies that MCM's conduct and MF's lack of any conduct could reasonably or rationally be

---

[6] Midland affirmatively states that it does not collect data on closed accounts for any purpose.

construed being negligent, knowingly reckless or willful.  Therefore, Midland denies all allegations in this paragraph.

### ANSWER TO PRAYER FOR RELIEF

Admitted in part and denied in part. Midland admits that Plaintiff prays for relief, which includes actual damages, statutory damages, punitive damages, attorney fees, and costs.  Midland denies that Plaintiff is entitled to any such relief as he fails to assert any viable claim.

WHEREFORE, the answering defendant demands judgment dismissing the Complaint and awarding the defendant counsel fees and costs of suit.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint is barred by the applicable Statute of Limitations.

### SECOND AFFIRMATIVE DEFENSE

The Complaint is barred by the Doctrine of Unclean Hands.

### THIRD AFFIRMATIVE DEFENSE

The Complaint is barred by the Doctrine of Laches.

### FOURTH AFFIRMATIVE DEFENSE

The Complaint fails to set forth a claim upon which relief can be granted.

### FIFTH AFFIRMATIVE DEFENSE

Because Plaintiff's claims arise from the patently false speculation that Midland impermissibly accesses credit reports to craft some kind of database, a baseless and false contention, Midland reserves the right to move for an award

of counsel fees, costs and sanctions pursuant to Federal Rule of Civil Procedure 11, 15 U.S.C. §1681n(c) and 15 U.S.C. §1681o(b)

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff has failed to provide any facts supporting claims under the FCRA or its subparts. Therefore, Plaintiff's claims should be dismissed or withdrawn.

## SEVENTH AFFIRMATIVE DEFENSE

Even if Midland violated the FCRA, which is denied, Plaintiff has incurred no damages as a result of Midland's purported conduct.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has not suffered any damages, including physical injury, pecuniary injury, dignitary injury, improper denial or loss of credit opportunities, improperly diminished credit score, emotional distress, out-of-pocket harm or any other injuries justifying a claim for actual damages as a result of the permissible, reasonable and appropriate conduct of MCM (or the lack of conduct by MF).

## NINTH AFFIRMATIVE DEFENSE

Midland's conduct, with respect to Plaintiff, did not violate the FCRA. Therefore, Midland affirmatively states that Plaintiff's claims against it pursuant to the FCRA lack any degree of viability and all claims against Midland should be dismissed or withdrawn.

## TENTH AFFIRMATIVE DEFENSE

Any violation of the law or damage suffered by Plaintiff, which Midland denies, was due to the affirmative actions and/or omissions of Plaintiff or others and does not give rise to any liability of Midland or any damages from Midland.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff lacks sufficient numerosity of similarly situated persons to make a class action viable or practical.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff is plainly inadequate to serve as a representative of the class because he has expressly waived his ability to serve as a class representative and his interests are plainly in conflict with those of his theoretical class, in that he may only pursue his claims against Midland on an individual basis in private arbitration.

## THIRTEENTH AFFIRMATIVE DEFENSE

Class treatment is grossly inferior to individual treatment in this case.  In fact, class treatment is not even applicable to the claims asserted.

## FOURTEENTH AFFIRMATIVE DEFENSE

Common questions of law or fact do not outweigh the individual issues in this matter and preclude class treatment in this matter.

## FIFTEENTH AFFIRMATIVE DEFENSE

The terms and conditions in the agreement between Plaintiff and the creditor, Credit One Bank, N.A., for the account giving rise to Plaintiff's

delinquent debt obligation contains an arbitration provision and a class waiver.

The terms and conditions incorporate the alleged conduct of Midland:

<u>ARBITRATION</u>

**PLEASE READ THIS PROVISION OF YOUR CARD AGREEMENT CAREFULLY. IT PROVIDES THAT EITHER YOU OR WE CAN REQUIRE THAT ANY CONTROVERSY OR DISPUTE BE RESOLVED BY BINDING ARBITRATION. ARBITRATION REPLACES THE RIGHT TO GO TO COURT, INCLUDING THE RIGHT TO A JURY AND THE RIGHT TO PARTICIPATE IN A CLASS ACTION OR SIMILAR PROCEEDING. IN ARBITRATION, A DISPUTE IS RESOLVED BY A NEUTRAL ARBITRATOR INSTEAD OF A JUDGE OR JURY. ARBITRATION PROCEDURES ARE SIMPLER AND MORE LIMITED THAN RULES APPLICABLE IN COURT. IN ARBITRATION, YOU MAY CHOOSE TO HAVE A HEARING AND BE REPRESENTED BY COUNSEL**.

***Agreement to Arbitrate:***

You and we agree that either you or we may, without the other's consent, require that any controversy or dispute between you and us (all of which are called "Claims"), be submitted to mandatory, binding arbitration. This arbitration provision is made pursuant to a transaction involving interstate commerce, and shall be governed by, and enforceable under, the Federal Arbitration Act (the "FAA"), 9 U.S.C. §1 et seq., and (to the extent State law is applicable), the State law governing this Agreement.

***Claims Covered:***

• Claims subject to arbitration include, but are not limited to, disputes relating to the establishment, terms, treatment, operation, handling, limitations on or termination of your account; any disclosures or other documents or communications relating to your account; any transactions or attempted transactions involving your account, whether authorized or not; billing, billing errors, credit reporting, the posting of transactions, payment or credits, or ***collections matters relating to your account***; services or benefits programs relating to your account, ***whether or not they are offered, introduced, sold or provided by us***; advertisements, promotions, or oral or written statements related to (or preceding the opening of) your account, goods or services financed under your account, or the terms of financing; the application, enforceability or interpretation of this Agreement, including this arbitration provision; and any other matters relating to your account, a prior related account or the resulting relationships between you and us. Any questions about what Claims are subject to arbitration shall be

resolved by interpreting this arbitration provision in the broadest way the law will allow it to be enforced.

• Claims subject to arbitration include not only Claims made directly by you, but also Claims made by anyone connected with you or claiming through you, such as a co-applicant or authorized user of your account, your agent, representative or heirs, or a trustee in bankruptcy. Similarly, ***Claims subject to arbitration include not only Claims that relate directly to us, a parent company, affiliated company, and any predecessors and successors (and the employees, officers and directors of all of these entities***), but also Claims for which we may be directly or indirectly liable, even if we are not properly named at the time the Claim is made.

• Claims subject to arbitration include Claims based on any theory of law, any contract, statute, regulation, ordinance, tort (including fraud or any intentional tort), common law, constitutional provision, respondeat superior, agency or other doctrine concerning liability for other persons, custom or course of dealing or any other legal or equitable ground (including any claim for injunctive or declaratory relief). Claims subject to arbitration include Claims based on any allegations of fact, including an alleged act, inaction, omission, suppression, representation, statement, obligation, duty, right, condition, status or relationship.

• Claims subject to arbitration include Claims that arose in the past, or arise in the present or future. Claims are subject to arbitration whether they are made independently or with other claims in proceedings involving you, us or others. Claims subject to arbitration include Claims that are made as counterclaims, cross claims, third-party claims, interpleaders or otherwise, and a party who initiates a proceeding in court may elect arbitration with respect to any Claim(s) advanced in the lawsuit by any other party or parties. Claims subject to arbitration include Claims made as part of a class action or other representative action, and the arbitration of such Claims must proceed on an individual basis.

• ***If you or we require arbitration of a particular Claim, neither you, we, nor any other person may pursue the Claim in any litigation, whether as a class action, private attorney general action, other representative action or otherwise.***

• Claims are not subject to arbitration if they are filed by you or us in a small claims court, so long as the matter remains in such court and advances only an individual claim for relief. (***emphasis provided***)

See, *Dana Harris v. Midland Credit Management, Inc.*, Civil Action No. 15-4453,

2016 U.S. Dist. LEXIS 14869, (D.N.J. Feb. 8, 2016)(same terms and conditions,

granting motion to compel individual arbitration). As MCM is the servicer for MF, the successor and lawful assignee of Plaintiff's debt from Credit One Bank, Plaintiff lacks standing to bring this action in this forum and lacks standing to assert a class claim. Midland formally demands the dismissal of this action and that Plaintiff be directed to individual arbitration as to the instant claims consistent with the terms and conditions governing Plaintiff's valid and delinquent debt obligation.

## SIXTEENTH AFFIRMATIVE DEFENSE

MCM reserves the right to raise any other Affirmative Defenses not previously asserted within this Answer.

New York, New York                         **MARSHALL DENNEHEY WARNER**
Dated: September 16, 2016                   **COLEMAN & GOGGIN**

                              By:    _____/s/_____
                                     Joseph A. Hess (JH 1964)
                                     *Attorneys for Defendants*
                                     *Midland Credit Management, Inc., and*
                                     *Midland Funding, LLC*
                                     88 Pine Street, 21st Floor
                                     New York, New York 10005
                                     Ph: 212.376.6433
                                     JAHess@mdwcg.com

TO:    Shimshon Wexler, Esq.
       The Law Offices of Shimshon Wexler, PC
       216 W. 104th Street, #129
       New York, NY 10025
       *Attorneys for Plaintiff*