UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DAVID CORCIA, individually and on behalf
of a class,

                                        Plaintiff,              **ORDER**

              -against-                                         16 Civ. 6475 (NSR)(JCM)


MIDLAND CREDIT MANAGEMENT, INC.
and MIDLAND FUNDING, LLC,

                                        Defendants.
------------------------------------------------------------X


        In order to facilitate the progress of pre-trial discovery of this litigation in a just, speedy
and inexpensive manner, to ensure compliance with the case management plan, and to prevent the
accumulation of unresolved discovery issues, the following procedures will be followed for the
resolution of discovery disputes:

        The party objecting to disclosure, claiming an insufficient response to a discovery request
or asserting a privilege bears the burden of coming forward by bringing the dispute to the attention
of the Court as hereinafter set forth.

        In calculating when a dispute arises, the Court anticipates that the parties have complied
with the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District
Courts for the Southern and Eastern Districts of New York, in that the discovery demand or
disclosure at issue and the adversary's response have been served. When a party determines it
would need either to compel or preclude discovery, the party must within 3 business days attempt
an amicable resolution of the dispute through a "meet and confer" with the opposing party. If the
dispute is not affirmatively resolved after meeting and conferring, the objecting party then has 5
business days to bring the issue to the attention of the court by a letter brief limited to two (2)
double-spaced pages. Opposing parties have 5 business days thereafter to submit a two (2) page
double-spaced answering letter brief. If appropriate, counsel may annex to the letter briefs relevant
portions (only) of relevant documents. Written replies will not be accepted. If the court deems it
necessary, the parties will have an opportunity to make oral replies to points made in the letter
briefs on the return date of the matter.

        When a legal privilege is asserted as a basis for refusing to comply with a discovery
demand, the party asserting the privilege has 3 business days to attempt an amicable resolution of
the dispute through a "meet and confer" with the opposing party. If the dispute is not affirmatively
resolved after meeting and conferring, the party asserting the privilege then has 5 business days to
bring the issue to the attention of the court by a letter brief limited to two (2) double spaced pages,
accompanied by a privilege log in full compliance with Local Rule 26.2, and an *in camera*

submission of legible copies of any material to which the privilege is asserted.  If privilege is asserted only to a portion of a document, the *in camera* submission of such document shall be highlighted to clearly identify the portion(s) of the document to which the privilege claim is addressed.  If disclosure of the privilege log would result in a revelation of privileged information, the party asserting the privilege shall file the log *in camera* with the court, and serve a redacted log on the adverse party.  Opposing parties have <u>5 business days</u> to serve and file an answering two (2) page double spaced letter brief. No written replies will be accepted. If the court deems it necessary the parties will have an opportunity to make oral replies to points raised in the letter briefs on the return date of the matter.

A party seeking to withhold responsive disclosures on the basis of a privilege must assert such privilege in writing no later than 30 days from the date when the documents are demanded, unless otherwise directed by the Court. If, in its on-going obligation to supplement disclosure, a party discovers additional documents, which it intends to withhold based upon a privilege, such privilege must be asserted by counsel no later than <u>5 business days</u> after receipt of the documents from the client.

Any failure to comply with the terms of this Order by not filing objections to discovery, or assertions of privilege, in accordance with the time constraints, and in the form required by this Order, may result in waiver of legal rights and privileges.  The time limitations set forth herein and in scheduling orders made by the court, whether oral or in writing, are to be strictly observed, and the parties and counsel are <u>not</u> authorized to extend any of the set time limitations without the prior approval of the court.

On matters assigned for pre-trial supervision, any party wishing to file objections to a discovery ruling entered orally on the record shall, on the date of the ruling, order a transcript of the record setting forth the ruling.  The transcript shall be ordered on a <u>two (2) day expedited</u> basis. The party then shall have <u>fourteen (14) days</u> from the date of the receipt of the record to file the objections with the assigned District Judge.  A failure to order the record in accordance with these directions may result in a failure to timely file objections.

The attention of counsel and the parties is respectfully directed to Federal Rule of Civil Procedure 30(d) regarding the conduct of depositions. If a privilege objection is raised at a deposition, counsel are directed to contact chambers by telephone during the deposition for a ruling.

Dated:  November 28, 2016
        White Plains, New York

**SO ORDERED:**

JUDITH C. McCARTHY
United States Magistrate Judge